# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SUSAN JONES, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| LEIDOS; QTC COMMERCIAL SERVICES, LLC d/b/a IMX MEDICAL MANAGEMENT SERVICES; JEFFREY PENNER (individually); and JENNIFER CHALFANT (individually) | : PLAINTIFF REQUESTS : TRIAL BY JURY |
| Defendants. | : |

## COMPLAINT

Plaintiff, Susan Jones, by and through undersigned counsel hereby files this Civil Action Complaint against Defendants, Leidos, QTC Commercial Services d/b/a/ IMX Medical Management Services, Jeffrey Prenner (individually), Jennifer Chalfant (individually) (collectively "Defendants") and upon information and belief avers the following:

## PARTIES

1. PLAINTIFF, Susan Jones (hereinafter also referred to as "PLAINTIFF") is an adult female who resides in the Commonwealth of Pennsylvania with an address for purposes of correspondence at 25 Trimble Boulevard Brookhaven, PA 19015. At all times relevant herein, PLAINTIFF worked in the Commonwealth of Pennsylvania.

2. Defendant LEIDOS is a principal holding company under the laws of the Commonwealth of Virginia, with its headquarters located at 1750 Presidents Street, Reston, VA 20190.

1

3. Defendant, QTC Commercial Services d/b/a/ IMX Medical Management Services (hereinafter referred to as "Defendant IMX") is a business entity under the laws of the Commonwealth of Pennsylvania, with its headquarters located at 1700 Paoli Pike, Malvern, PA 19355.

4. At all times material, Defendant Jeffrey Penner (hereinafter referred to as "Defendant PENNER") was and upon information and belief remains an employee of Defendant Director of Human Resources.

5. At all times material, Defendant PENNER has held supervisory authority over PLAINTIFF.

6. At all times material, Defendant Jennifer Chalfant (hereinafter referred to as "Defendant CHALFANT") was and upon information and belief remains an employee of Defendant IMX, as a Team Lead.

7. At all times material, Defendant CHALFANT has held supervisory authority over PLAINTIFF.

8. At all times material, Defendants were the joint employers of PLAINTIFF.

## NATURE OF THE CASE

9. Plaintiff complains pursuant to the American with Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq* ("ADA"); the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq. ("FMLA"); the Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"); the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRA"); under the laws of the Commonwealth of Pennsylvania and seeks damages to redress injuries Plaintiff suffered as a result of discrimination and retaliation which ultimately led to Plaintiff's unlawful termination by her employer.

## JURISDICTION AND VENUE

10. This action involves a Question of Federal Law under Title VII of the Civil Rights Act of 1964, the Family Medical Leave Act, and the Americans with Disabilities Act.

11. The honorable Court has supplemental jurisdiction over the Commonwealth law Causes of Action.

12. Venue is proper in the Eastern District of Pennsylvania as Plaintiff was employed by Defendants and worked in Chester County, Pennsylvania where the discrimination complained of occurred.

13. On or about October 26, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendants as set forth herein. Plaintiff's Charge of Discrimination was dual filed with the Pennsylvania Human Relations Commission.

14. On or about June 17, 2021, the EEOC issued Plaintiff a Dismissal and Notice of Rights.

15. This action is commenced within ninety (90) days of receipt of the Dismissal and Notice of Rights.

16. After the one year waiting period has elapsed on PLAINTIFF's PHRA claims, PLAINTIFF will amend her complaint to assert the newly ripened causes of action under the PHRA against the parties referenced above. See Fed. R. Civ. P. 15(a) (Courts "freely give leave to amend when justice so requires"), 15(c) (Amendments "relate back" to the date of the original pleading), and 15(d) (Plaintiffs may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

## MATERIAL FACTS

17. On or around November 5, 2007, Defendant IMX hired PLAINTIFF as a Prepper.

18. Throughout her employment, PLAINTIFF worked diligently in her position and received praise for her work performance.

19. In or around 2010, Defendants promoted PLAINTIFF to a Records Coordinator.

20. In or around 2015, Defendants promoted PLAINTIFF to a Chart Quality Assurer.

21. In or around 2015, PLAINTIFF was diagnosed with Bipolar disorder.

22. Later that year, PLAINTIFF informed Defendant PENNER of her diagnosis and was subsequently approved for intermittent FMLA.

23. In or around 2017, PLAINTIFF began to suffer from severe stomach and gastrointestinal issues. PLAINTIFF sought treatment with her physician for same. The physician diagnosed PLAINTIFF with work-related stress, which attributed to her stomach and gastrointestinal issues. PLAINTIFF immediately informed Defendant PENNER of same.

24. Defendant IMX transferred PLAINTIFF to a new position as a Shipper Coordinator. As a Shipping Coordinator, PLAINTIFF gathering and shipping medical documents. This new position had less responsibilities than the Prepper position and was meant to ease PLAINTIFF's stress.

25. Shortly thereafter, and continuing throughout PLAINTIFF's employment, Defendant CHALFANT's demeanor toward PLAINTIFF changed. Defendant CHALFANT acted distant and aloof toward PLAINTIFF which was opposite of how she interacted with PLAINTIFF prior to disclosing her disability.

26. Further, Defendant CHALFANT would give PLAINTIFF a hard time for calling out of work whenever PLAINTIFF required time off to treat her disabilities and was approved for intermittent FMLA leave.

27. In direct violation of Defendant IMX's policies and procedures, Defendant CHALFANT did not monitor PLAINTIFF's work or assignments in her absence. This left

4

PLAINTIFF with an inordinate amount of work and catching up to do upon her return, causing immense stress which was bad for her disability and unnecessary given the policies and procedures put in place by Defendant IMX.

28. Due to the severe stress and anxiety Defendant CHALFANT caused PLAINTIFF, she reported Defendant CHALFANT's conduct to Defendant PENNER. Defendant PENNER simply told PLAINTIFF to start reporting her absences to him directly. Upon information and belief, her complaints were never investigated or addressed.

29. Upon information and belief, Defendant CHALFANT's discrimination and harassment toward PLAINTIFF based on her disability was never documented, and Defendant CHALFANT was never disciplined.

30. On April 3, 2020, Defendant IMX furloughed PLAINTIFF and a large majority of the staff.

31. Shortly thereafter, during the summer months of 2020, nearly all of the staff that had been furloughed in April 2020 were reinstated.

32. On or around August 31, 2020, Defendant PENNER informed PLAINTIFF her employment with Defendant IMX would be terminated, effective September 11, 2020.

33. Upon information and belief, PLAINTIFF was the only full-time employee from her department that Defendant IMX did not reinstate from furlough status. She was also the only employee with disclosed disabilities.

34. Defendant PENNER informed PLAINTIFF that her position was eliminated because it was no longer needed since documents were being sent out electronically as a result of the COVID-19 pandemic, however, all of her non-disabled colleagues were brought back to work after being furloughed.

35. On or around September 3, 2020, Defendant IMX posted several jobs seeking new hires. Defendant PENNER did not offer PLAINTIFF any of positions posted and informed her she could apply as a new hire if she wanted.

36. Defendant PENNER's reason given to PLAINTIFF for her termination was pretextual.

37. Defendants terminated PLAINTIFF's employment due to her disability, perceived disability, and/or for exercising her rights under FMLA.

38. The foregoing allegations are a clear act of retaliation against PLAINTIFF for her disability, engaging in her protected activities under the ADA and FMLA, and/or for engaging in a protected activity under Title VII by complaining of disability discrimination and/or harassment.

39. As a result of Defendants' actions, PLAINTIFF felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

40. As a result of the acts and conduct complained of herein, PLAINTIFF has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and PLAINTIFF also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. PLAINTIFF has further experienced severe emotional and physical distress.

41. That as a result of Defendants' conduct, the PLAINTIFF was caused to sustain serious and permanent personal injuries, including but not limited to permanent psychological injuries.

42. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, PLAINTIFF demands Punitive Damages against all the Defendants jointly and severally.

43. PLAINTIFF further claims aggravation, activation and/or exacerbation of any preexisting condition.

44. PLAINTIFF further claims constructive and/or actual discharge to the extent PLAINTIFF is terminated from PLAINTIFF'S position as a result of the unlawful discrimination and retaliation.

45. The above are just some examples, of some of the discrimination and retaliation to which Defendants subjected PLAINTIFF to on a continuous and on-going basis throughout PLAINTIFF'S employment.

46. The Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

47. PLAINTIFF claims alternatively that PLAINTIFF is an Independent Contractor, and PLAINTIFF makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors. Furthermore, in such case, PLAINTIFF claims that Defendant owed and breached its duty to PLAINTIFF to prevent the harassment, discrimination, and retaliation and is liable therefore for negligence.

48. PLAINTIFF claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

## COUNT I
## DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT
**(against corporate Defendants only)**

49. Plaintiff hereby incorporates all allegations contained in the paragraphs above.

50. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

51. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

52. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disability.

53. As such, Plaintiff has been damaged as set forth herein.

## COUNT II
## RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT
**(against corporate Defendants only)**

54. Plaintiff hereby incorporates all allegations contained in the paragraphs above.

55. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

56. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter IV, Section 12203, Discrimination [Section 102] states:

   a. "(a) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
   b. (b) Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."

57. Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff due to Plaintiff's disability and/or because of her need for reasonable accommodations and/or due to her reports of discrimination and harassment in the workplace.

58. As such, Plaintiff has been damaged as set forth herein.

## COUNT III
## VIOLATIONS OF THE
## FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. §§ 2601 et seq.("FMLA")

59. Plaintiff hereby incorporates all allegations contained in the paragraphs above.

60. The FMLA provides eligible employees of covered employers with up to 12 workweeks of unpaid, job protected leave in a 12-month period for, *inter alia*, a serious health condition that makes the employee unable to perform the essential functions of his job. 29 U.S.C. §§ 2601 et seq.

61. A covered employer must provide FMLA benefits and protections to eligible employees and comply with other responsibilities under the FMLA and its regulations at 29 C.F.R. part 825.

62. At all relevant times, Plaintiff was an eligible employee of a covered employer with a qualifying medical condition entitling her to the protections of the FMLA.

63. Defendant violated the FMLA by interfering with, restraining and/or denying Plaintiff's rights under the FMLA by, *inter alia*:

   a. Failing to comply with the general notice requirements under the FMLA;

   b. Failing to comply with the eligibility notice requirements under the FMLA;

   c. Failing to comply with the rights and responsibilities notice requirements under the FMLA;

   d. Failing to comply with the designation notice requirements under the FMLA;

   e. Failing to provide notice of a fitness-for-duty certification with the designation notice as required by the FMLA;

f. Failing to continue to contribute to Plaintiff's health benefits while she was placed on involuntary medical leave;

g. Discharging and/or constructively discharging, suspending and/or disciplining Plaintiff notwithstanding that Plaintiff was fit to perform his duties and return to work at the end of his FMLA leave;

h. Retaliating against Plaintiff for asking for attempting to exercise her rights under the FMLA;

i. Failing to provide Plaintiff with the proper FMLA forms and/or medical certifications;

j. Failing to supervise and/or train its employees and supervisors on compliance with the provisions of the FMLA;

k. Failing to have in place proper FMLA policies, procedures and compliance; and/or

l. Otherwise violating the FMLA.

64. Defendant's violations of the FMLA were grossly negligent and/or willful.

65. As a direct and proximate cause of Defendant's willful violations of the FMLA, Defendant is liable for Plaintiff's compensation and benefits lost by reason of the violations, for other actual monetary losses sustained as a direct result of their violation, and for appropriate equitable or other relief tailored to the harm suffered by Plaintiff. See 29 CFR 825.300 (e).

**COUNT IV**
**RETALIATION**
**FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. §§ 2601 et seq. ("FMLA")**

66. Plaintiff hereby incorporates all allegations contained in the paragraphs above.

67. Plaintiff was an eligible employee under the definitional terms of the FMLA.

68. Defendant retaliated against Plaintiff for requesting and taking FMLA leave by disciplinary actions taken against him.

69. Defendant's violations of the FMLA were grossly negligent and/or willful.

70. As a direct and proximate cause of Defendant's willful violations of the FMLA, Defendant is liable for Plaintiff's compensation and benefits lost by reason of the violations, for other actual monetary losses sustained as a direct result of their violation, and for appropriate equitable or other relief tailored to the harm suffered by Plaintiff. See 29 CFR 825.300 (e).

## COUNT V
## DISCRIMINATION UNDER TITLE VII
**(against corporate Defendants only)**

71. Plaintiff hereby incorporates all allegations contained in the paragraphs above.

72. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

73. SEC. 2000e-2. *[Section 703]* states as follows:

> (a) Employer practices
> It shall be an unlawful employment practice for an employer -
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

74. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff due to her complaints of disability discrimination and/or harassment.

11

## COUNT VI
## RETALIATION UNDER TITLE VII
**(against corporate Defendants only)**
**(PLAINTIFF will seek leave to amend this complaint to assert her PHRA claims)**

75. Plaintiff hereby incorporates all allegations contained in the paragraphs above.

76. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer: "(1) to…discriminate against any of his employees…because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any matter in an investigation, proceeding, or hearing under this subchapter."

77. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions, and/or privileges of her employment because of her opposition to and reporting of the unlawful employment practices of Defendants.

## COUNT VII
## DISCRIMINATION UNDER STATE LAW
**(against all named Defendants)**
**(PLAINTIFF will seek leave to amend this complaint to assert her PHRA claims)**

78. Plaintiff hereby incorporates all allegations contained in the paragraphs above.

79. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent

contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

80. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's disability and/or due to her complaints of disability discrimination/harassment.

81. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

## COUNT VIII
## RETALIATION UNDER STATE LAW
**(against corporate Defendants only)**
**(PLAINTIFF will seek leave to amend this complaint to assert her PHRA claims)**

82. Plaintiff hereby incorporates all allegations contained in the paragraphs above.

83. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

84. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## IX
## DISCRIMINATION UNDER STATE LAW
**(against all named Defendants)**
**(PLAINTIFF will seek leave to amend this complaint to assert her PHRA claims)**

85. Plaintiff hereby incorporates all allegations contained in the paragraphs above.

86. PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

87. Defendants engaged in an unlawful discriminatory practice in violation of PHRA §955(e) by committing assault and battery, aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## COUNT X
## DISCRIMINATION UNDER STATE LAW – AIDING AND ABETTING
**(against individual Defendants only and not against corporate Defendants)**
**(PLAINTIFF will seek leave to amend this complaint to assert her PHRA claims)**

88. Plaintiff hereby incorporates all allegations contained in the paragraphs above.

89. PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

90. Defendants engaged in an unlawful discriminatory practice in violation of PHRA §955(e) by committing assault and battery, aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

91. The individually named Defendants took active part by aiding, abetting, compelling, and inciting the discrimination and harassment described in detail above.

92. Any individuals who may not have had direct supervisory authority over Plaintiff are still subject to individual liability under this section as they actively took unlawful action against Plaintiff pursuant to the direction, instruction, and sanctioning of individuals with direct supervisory authority over Plaintiff.

93. Individuals without supervisory authority act with supervisory authority when they carry out unlawful discriminatory conduct at the direction and with the express authorization of individuals with supervisory authority.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

**DEREK SMITH LAW GROUP, PLLC**

BY: */s/Erica A. Shikunov*
Erica A. Shikunov, Esq.
1835 Market Street, Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Email: erica@dereksmithlaw.com
*Attorney for Plaintiff*

DATED: September 10, 2021